### 73624. EVANS v. CLAYTON COUNTY.
(356 SE2d 553)

BANKE, Presiding Judge.

The appellant filed suit against Milton Brooks, who is not a party to this appeal, and against Clayton County, the appellee herein, seeking to recover for personal injuries suffered by her minor son as the result of Brooks' alleged negligence in maintaining a vicious dog on his premises.

Brooks had "adopted" the dog from the Clayton County pound some 10 months earlier. The appellant sought to hold the county liable in the matter pursuant to 42 USC § 1983 based on allegations that it had maintained a "corrupt and negligent" policy of releasing vi-

cious dogs to their owners or others rather than destroying them. The appellant asserted that, pursuant to OCGA § 33-24-51 (b), the county had waived its sovereign immunity to such suit to the extent of certain liability insurance coverage which it had purchased. The trial court granted the county's motion for summary judgment, and the appellant appealed to the Supreme Court, which transferred the case to this court. *Held*:

Pretermitting the insurance issue, it is evident as a matter of law that the county is not subject to any liability for the child's injuries pursuant to 42 USC § 1983. In the first place, it is not at all apparent that a county, as opposed to a municipality or other local governmental unit "which [is] not considered part of the state for Eleventh Amendment purposes," may ever be held directly liable for damages pursuant to 42 USC § 1983. See *Monell v. N. Y. Dept. of Social Svcs.*, 436 U. S. 658, 690, n. 54 (98 SC 2018, 56 LE2d 611, 635) (1978). Secondly, the record in the present case establishes unequivocally that the county's decision to release the dog resulted not from the application of a corrupt and negligent policy of releasing vicious dogs upon the public, as was alleged in the complaint, but from a good-faith determination by the county "pound master" that the dog was not vicious and from assurances made to a county administrator by defendant Brooks, the person who "adopted" the dog, that he had "proper facilities" in which to keep it. It follows that the plaintiff has no basis for any recovery pursuant to 42 USC § 1983. "Where a government official's act causing injury to life, liberty or property is merely negligent, 'no procedure for compensation is *constitutionally* required.'" *Daniels v. Williams*, 474 U. S. __ (106 SC __, 88 LE2d 662, 669) (1986).

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED APRIL 13, 1987.

*William L. Skinner*, for appellant.
*Steven M. Fincher*, for appellee.